# Shannon to use *v.* Cohlhepp, Appellant.

*Appeals—Assignments of error—Misquoting charge.*

An assignment of error which misquotes the charge violates rule XV in regard to assignments totidem verbis.

*Contract—Lumber contract—Price—Charge—Points.*

On an issue to determine the amount due on a lumber contract where the evidence definitely fixes the contract price, and the issue is narrowed down to a difference between the parties in their respective measurements of the lumber, and of the dates on which it should be credited, the trial judge commits no error in instructing the jury that the rights of the parties are fixed to a credit for not more and for not less than the conceded contract price.

*Contract—Judgment—Interest.*

Where the defendant in a judgment entered upon a bond, bearing interest, agrees to pay the judgment by deliveries of lumber, upon which deliveries credits are to be allowed as of their several dates, plaintiff will be entitled to interest on unpaid balances.

Argued May 6, 1908. Appeal, No. 162, April T., 1908, by defendant, from judgment of C. P. Clarion Co., May T., 1907, No. 163, on verdict for plaintiff in case of I. M. Shannon to use

of Geo. Zacherl v. Peter W. Cohlhepp. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias to revive a judgment.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

[Under the pleadings in the case, the evidence offered in support thereof, and the answers to the points submitted by the respective parties, the dispute in the case is down to a difference between the parties in their respective measurements of the lumber and of the size of which it should be cut.] [1]

. [The defendant, in support of the allegations contained in his affidavit of defense, offered such testimony which if believed by you would tend to prove that he delivered to Mr. Zacherl in his planing mill at Marble, lumber at various times and in various amounts to the aggregate of 65,894 feet. The plaintiff, Mr. Zacherl, says that he received 62,134 feet and that he is willing to allow a credit and have you enter it on your docket for this amount of lumber at $12.00 per thousand.] [2]

1. The written contract provided that the defendant should pay the judgment bond of $800 in lumber at $12.00 per thousand feet. And even if the alleged notice by George Zacherl to Peter Cohlhepp, to wit: that he did not want and could not use any short lengths, but demanded twelve and sixteen foot lengths, be true, such evidence would not be sufficient to vary the said written contract and allow the defendant to charge more than $12.00 per thousand for the lumber thereafter furnished. *Answer:* Affirmed. [3]

2. Even if the allegation of the defendant be true that upon notice and demand from Zacherl, the plaintiff, he, the defendant, furnished a better grade of lumber than he was obliged to under the written contract, Cohlhepp, the defendant, could not recover a greater price than $12.00 per thousand from the plaintiff for the lumber furnished under the evidence in this case. *Answer:* Affirmed. [4]

3. There is not sufficient evidence in the case by which the

jury can allow Peter Cohlhepp, the defendant, more than $12.00 per thousand for all the lumber furnished by him to George Zacherl, the plaintiff. *Answer:* Affirmed. [5]

4. The verdict of the jury must be for the plaintiff for the amount of the judgment and interest, less the number of feet of lumber furnished the plaintiff at $12.00 per thousand, the payments of lumber to be credited as per the dates of its delivery. *Answer:* Affirmed. [6]

Defendant presented these points:

2. If the jury then found that the use plaintiff notified the defendant that he would not take lumber of the class and quality specified in the original agreement, but that he wanted other and better lumber of the lengths of twelve and sixteen feet, and they found that this lumber was of more and greater value than the lumber specified in the original agreement, and that the defendant delivered to plaintiff lumber of the class and quality desired by him and that no price was agreed upon or mentioned by the parties, then the price at which the jury is to compute the value of the lumber so furnished is to be fixed by the current market price of the same or similar lumber in that community, such price to be determined by the evidence in the case. *Answer:* Refused. [7]

3. If the jury find from the evidence that George Zacherl, the use plaintiff, advanced $800 to Peter Cohlhepp to pay off the judgment on which the sci. fa. in this case was issued, in consideration of the promise and agreement of the defendant to furnish lumber at the price or rate of $12.00 per thousand, and they further find that the judgment bond and judgment entered thereon were held by the use plaintiff in the nature of collateral security or bond of indemnity to secure the delivery of the lumber aforesaid, then the plaintiff would not be entitled to interest on said judgment. *Answer:* Refused. [8]

4. If the jury find from the evidence that the lumber was to be delivered in one year from the date of the agreement, and they further find that it was not so delivered, but delivered at other and later periods, the plaintiff might recoup any damages sustained by him by such detention by proof of the damages sustained and recovery thereof in this action. In the

absence of such proof the same cannot be taken into account by the jury. *Answer:* Refused. [9]

Time is not of the essence of the contract and might be waived by the plaintiff. *Answer:* Refused. [10]

*Errors assigned* were (1–10) above instructions, quoting them.

*Geo. F. Whitmer,* with him *J. S. Shirley,* · for appellant, cited: Lehigh Coal, etc., Co. v. Harlan, 27 Pa. 429; Marshall Foundry, etc., Co. v. Traction Co., 138 Pa. 266; Kircher v. Sprenger, 4 Pa. Superior Ct. 38.

*A. A. Geary,* with him *H. E. Rugh* and *Don. C. Corbett,* for appellee, cited: McGrann v. North Lebanon R. R. Co., 29 Pa. 82.

OPINION BY BEAVER, J., October 12, 1908:

That there was a written agreement, providing for the payment of the judgment sought to be revived upon a scire facias in this case, is not questioned. The parties agree as to the fact and as to the price to be paid for the lumber to be delivered, in accordance with the written contract. According to the testimony of the use plaintiff, the quality of the lumber was fixed at No. 1 lumber, the kind or variety as pine lumber and the price as $12.00 per thousand delivered at the plaintiff's yard at Jimtown.

In regard to the written agreement, the defendant testified: "So, they made an article, but I never see the article any more, but I mind these words that was said and which was to be put in the article; that he said 'that I bought $800 worth of lumber from Mr. Cohlhepp and I paid it in advance,' and then he says, Mr. Geary asked him, 'How about the lumber, what kind of lumber, what lengths, and so on?' 'Well,' he says, 'we can make that very easy, I'll take fair planing mill lumber.' He says 'I'll take long and short,' he says, 'if it's fair planing mill lumber.' Q. Did he say anything about log run at that time? A. Well, of course, he said he would take it as the logs would make it. Q. As you cut them in the woods? A. Yes, sir.

Q. What price was agreed on?  A. $12.00 a thousand feet in his yard.  Q. Where?  A. Jimtown."

It will be observed that the defendant testified as to what the use plaintiff said before the writing and not as to what was contained in the writing.  The one point upon which the parties agree was that the price was fixed and stated at $12.00 per thousand.  There is no allegation, and no testimony to show, that this price was ever changed by mutual agreement.  The allegation of the defendant is that the use plaintiff refused to receive short lengths and insisted upon twelve and sixteen-foot boards to be delivered; that he, the defendant, complied with the plaintiff's request, not upon any agreement, express or implied, to pay more, but, as he states it in his testimony, in answer to the question: "Then you didn't deliver it to him log run?  A. I delivered him the lumber that I had contracted for. I had to keep peace."  It is clear from the entire testimony that the defendant regarded the price as fixed, and so regarded it after the scire facias had issued.  Having delivered a load of lumber after the service of the scire facias, it, according to the calculation, at $12.00 per thousand, completed the delivery of the amount provided for in the contract, as calculated by him.

In view of the agreement between the parties as to the price to be paid for the lumber and the fact that no other agreement was subsequently made as to price, we think the court was correct in charging that "Under the pleadings in the case, the evidence offered in support thereof, and the answers to the points submitted by the respective parties, the dispute in the case has narrowed itself down to a difference between the parties in their respective measurements of the lumber and of the dates on which it should be credited."

The first assignment of error misquotes the charge of the court, as above cited, in putting "of the size of which it should be cut" instead of "of the dates on which it should be credited."  For this reason this assignment of error should be disregarded, but we have quoted it as contained in the charge, in order to emphasize the difference between the charge and the assignment, as well as to call attention to our rule XV in regard to the assignment totidem verbis.

The points presented by the plaintiff, four in number, are based upon the right of the defendant in no event to have credit for more than $12.00 per thousand, which was the conceded contract price. These were all affirmed by the court below, and, in view of what has been said in regard to the testimony which fails to show any modification of the contract, we think they were properly affirmed. For the same reason, the defendant's second and sixth points, in which the court was asked to say to the jury that a greater credit than $12.00 per thousand could be allowed under certain conditions, were properly refused.

The action here was a scire facias upon a bond which by its terms bore interest. The plaintiff was undoubtedly entitled to such interest until the dates of payment. The payments were made by delivery of lumber under the written contract and credits were to be allowed as of the several times of delivery respectively. We think, therefore, the court was correct in refusing the defendant's third, fourth and fifth points, as assigned for error in the 8th, 9th and 10th assignments.

We think the case was fairly, and it was certainly most laboriously, tried, and finding no error in the charge of the court or the answers to the points of the plaintiff and defendant respectively, the assignments of error are all overruled.

Judgment affirmed.